46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John R. CAPOSIENO, Defendant-Appellant.
 No. 94-10371.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Jan. 21, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John R. Caposieno appeals his sentence under the Sentencing Guidelines imposed following his conviction for mail fraud and interstate transportation of property obtained by fraud. Caposieno contends that the district court erred by enhancing his offense level two levels pursuant to U.S.S.G. Sec. 3B1.3 for abuse of trust and use of a special skill in commission of the crime, and by failing to allow Caposieno a sentence reduction for acceptance of responsibility. We have jurisdiction under 18 U.S.C. Sec. 3742(a). Our review is de novo, United States v. Hill, 915 F.2d 502, 506 (9th Cir. 1990), and we affirm.
 
 
 3
 Guidelines Section 3B1.3 provides for a two-level increase if the defendant used a special skill in a manner that significantly facilitated the commission or concealment of the offense. The district court found that Caposieno, a former real estate broker, used the "knowledge he had acquired through his real estate dealings" to create authentic looking documents such as his joint venture agreement to convince his victims to invest in his fraudulent scheme. Caposieno disputes, however, that he used this skill to facilitate the crime as required for imposition of the two-level increase.
 
 
 4
 This contention lacks merit. The undisputed facts in the record indicate that Caposieno used his special skill as a professional in the real estate industry to facilitate the commission of this crime. Caposieno's assertion that he did not use his special skills in the real estate industry to facilitate the crime is therefore contradicted by the record.
 
 
 5
 Caposieno also abused a position of trust he had established with his investors through previous dealings with them in order to take criminal advantage of their belief in him. Caposieno had sole and exclusive control over his victims' funds, and thus freedom to commit a difficult to detect wrong. See id. The district court did not, accordingly, err in imposing a two-level increase pursuant to section 3B1.3.
 
 
 6
 Finally, Caposieno contends that he was entitled to a sentence reduction for acceptance of responsibility, even though he took his case to trial. This contention lacks merit.
 
 
 7
 The Sentencing Guidelines provide for a two-level downward adjustment in the offense level if a defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. Sec. 3E1.1(a). "[T]he defendant must carry the burden of demonstrating the acceptance of responsibility." United States v. Innie, 7 F.3d 840, 848 (9th Cir. 1993), cert. denied, 114 S. Ct. 1567 (1994).
 
 
 8
 Caposieno asserts he is entitled to this reduction because although he took his case to trial, he disputed only the issue of intent to defraud; and, prior to trial, he voluntarily submitted to an interview with the FBI. In denying the adjustment, the district court found that Caposieno had done nothing since he was indicted that suggested an awareness of the "wrongfulness of [his activities], the loss that he caused many people who had invested with him" and that Caposieno had attempted to continue the same activities in the real estate business following his indictment. Because Caposieno continued to deny his criminal intent in the face of the evidence against him, he did not demonstrate the degree of acceptance necessary to qualify for the adjustment. See United States v. Lindholm, 24 F.3d 1078, 1087 (9th Cir. 1994) (denial of adjustment upheld when defendant attempted to fix blame on victims of his fraud and challenged whether he had fraudulent intent). There was no clear error.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3